Filed 5/27/25  P. v. Fuller CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337248 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA026050) |
| v. | |
| TYRONE FULLER, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Tyrone Fuller appeals the trial court's denial of his request for a resentencing hearing pursuant to Penal Code[1] section 1172.75.  Section 1172.75 declares certain sentence enhancements previously imposed pursuant to section 667.5, subdivision (b) (section 667.5(b)) to be invalid and directs courts to resentence any defendant with such enhancements. Interpreting the term "imposed" to mean only imposed and executed, the trial court declined to grant Fuller any relief because the section 667.5(b) enhancements imposed in his case were stayed.  Fuller argues this was error.

The Courts of Appeal are currently divided on this issue and the Supreme Court has granted review.  (See, e.g., *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1154-1155 [holding § 1172.75 applicable to stayed sentence enhancements]; *People v. Espino* (2024) 104 Cal.App.5th 188 [same], review granted Oct. 23, 2024, S286987; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672 [same], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [same], review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309 [same], review granted Feb. 21, 2024, S283189; *People v. Rhodius* (2023) 97 Cal.App.5th 38 [holding § 1172.75 applies only to executed sentence enhancements], review granted Feb. 21, 2024, S283169.)  While we await guidance from our high court, we agree with the weight of current authority holding that a defendant whose sentence includes a section 667.5(b) enhancement that has been imposed

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

and stayed is entitled to have that enhancement stricken and to a full resentencing hearing.  We thus reverse and remand.

## BACKGROUND

In 1996, a jury convicted Fuller of first degree residential burglary (§ 459).  The court thereafter found true that Fuller had suffered four prior serious felony convictions within the meaning of section 667, subdivision (a)(1), section 667.5(b), and the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12), and sentenced Fuller to an aggregate prison term of 45 years to life.  As part of Fuller's sentence, the court imposed and stayed four section 667.5(b) prior prison term enhancements.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Fuller as a person serving a term imposed by a judgment that included an enhancement under section 667.5(b).  The trial court thereafter determined that Fuller was not entitled to have his section 667.5(b) enhancements stricken or to resentencing as those enhancements had been stayed.  Fuller moved for reconsideration, and the court again denied Fuller's request for resentencing, citing in support *People v. Rhodius*, *supra*, 97 Cal.App.5th at p. 47.  This appeal followed.

## DISCUSSION

### A.    The Enactment of Section 1172.75

Prior to January 1, 2020, section 667.5(b) required that trial courts "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served, unless the defendant had remained free of custody for at least five years.  (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Senate Bill No. 136 (2019-2020 Reg.

Sess.) amended section 667.5(b) to limit the one-year prison prior enhancement to only prison terms served for convictions of sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; *People v. Jennings*, *supra*, at p. 681.) It is undisputed that Fuller's section 667.5(b) enhancements did not involve sexually violent offenses.

In 2021, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.) to apply Senate Bill No. 136 retroactively. (Stats. 2021, ch. 728, § 1.) To achieve this goal, the Legislature enacted section 1172.75 (formerly § 1171.1). (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 310; Stats. 2022, ch. 58, § 12; Stats. 2021, ch. 728, § 3.) Section 1172.75, subdivision (a) declares any sentence enhancement imposed prior to January 1, 2020, pursuant to section 667.5(b), except for sexually violent offenses, to be "legally invalid." Subdivision (b) of section 1172.75 directs that CDCR "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with [other information] to the sentencing court that imposed the enhancement." (*Ibid.*) Thereafter, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) Any such resentencing must accord with restrictions set forth in section 1172.75, subdivision (d).

4

**B.     Section 1172.75 Is Not Limited to Sentencing Enhancements Under Section 667.5(b) that Were Imposed and Executed**

We agree with the weight of current authority interpreting section 1172.75 to include section 667.5(b) enhancements that have been imposed and stayed, as Fuller's prior prison term enhancements were, and not just enhancements that were imposed and executed.  (See *People v. Bravo, supra*, 107 Cal.App.5th at pp. 1154-1155; *People v. Espino, supra*, 104 Cal.App.5th 188; *People v. Mayberry, supra*, 102 Cal.App.5th 665; *People v. Saldana, supra*, 97 Cal.App.5th 1270; *People v. Christianson, supra*, 97 Cal.App.5th 300.)[2]  We concur in the reasoning of those opinions, which we need not separately repeat here.  Those opinions further explain why *People v. Rhodius, supra*, 97 Cal.App.5th 38, and the arguments advanced in this appeal by the Attorney General in favor of the outcome in *Rhodius* are unpersuasive.  We agree with those critiques and have nothing further to add to them.

---

[2] Additionally, in *People v. Renteria* (2023) 96 Cal.App.5th 1276, the Attorney General conceded the trial court should have conducted a full resentencing, and the appellate court accepted this concession.  (*Id*. at pp. 1279-1280, 1282.)

## DISPOSITION

The orders denying resentencing are reversed and the matter is remanded for a resentencing hearing consistent with section 1172.75.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.


6